IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NAYA L. ABBEY & <br> DAVID IMMANUEL HERNANDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY and TERRANCE D. STUCKEY, <br><br> Defendants. | No. 3:23-cv-0300 <br> Judge Crenshaw <br> Magistrate Judge Holmes |

**OFFICER STUCKEY AND THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Officer Terrance Stuckey and the Metropolitan Government of Nashville and Davidson County move to dismiss all claims brought by Plaintiffs Naya Abbey and David Hernandez, Plaintiff Abbey's minor son. Based on Plaintiff Abbey's arrest and subsequent prosecution by Officer Stuckey in 2019, the Complaint asserts: a Fourth Amendment false arrest claim, a Fourth and/or Fourteenth Amendment malicious prosecution claim, and a Sixth Amendment speedy trial claim. (Compl. ¶ 13, Doc. No. 1.) As set forth fully in the accompanying memorandum of law, the claims of both Plaintiffs should be dismissed because:

1. Plaintiff Abbey cannot bring claims *pro se* on behalf of her minor son, Plaintiff Hernandez.

2. Plaintiff Abbey's false arrest claim is time-barred because she filed her complaint more than one year after her arrest in 2019.

3. Because Plaintiff Abbey did not have to pay bond, she did not suffer a secondary deprivation of liberty separate from the initial arrest, which is fatal to her malicious prosecution claim.

4. Officer Stuckey is absolutely immune for his preliminary hearing testimony.

5. Officer Stuckey is entitled to qualified immunity on Plaintiff Abbey's Sixth Amendment claim because the Sixth Circuit has not recognized a claim for money damages for speedy trial violations. Additionally, the complaint does not allege that Officer Stuckey was involved in the trial delays. Moreover, because Plaintiff Abbey's criminal case was dismissed, she does not have a Sixth Amendment claim for a speedy trial violation.

6. The singular allegation that the Metropolitan Government exists is insufficient to impose municipal liability.

The Defendants request that the Complaint be dismissed for the reasons stated.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
John W. Ayers (#37494)
ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

# CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been sent by U.S. Mail and electronic mail to:

Naya L. Abbey
16466 Tacoma
Detroit, MI 48205
ihavethevictorynow@gmail.com

on this the 7th day of June, 2023.

                                                  */s/ Melissa Roberge*
                                                  Melissa Roberge