IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NAYA L. ABBEY & <br> DAVID IMMANUEL HERNANDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY and TERRANCE D. STUCKEY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 3:23-cv-0300 <br> ) Judge Crenshaw <br> ) Magistrate Judge Holmes <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OFFICER STUCKEY AND THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Officer Terrance Stuckey and the Metropolitan Government of Nashville and Davidson County, submit this memorandum of law in support of their motion to dismiss all claims brought by Plaintiffs Naya Abbey and David Hernandez, Plaintiff Abbey's minor son. Based on Plaintiff Abbey's arrest and subsequent prosecution by Officer Stuckey in 2019, the Complaint asserts: a Fourth Amendment false arrest claim, a Fourth Amendment malicious prosecution claim, and a Sixth Amendment speedy trial claim. (Compl. ¶ 13, Doc. No. 1.) The claims of both Plaintiffs should be dismissed because:

1. Plaintiff Abbey cannot bring claims *pro se* on behalf of her minor son, Plaintiff Hernandez.

2. Plaintiff Abbey's false arrest claim is time-barred because she filed her complaint more than one year after her arrest in 2019.

3. Because Plaintiff Abbey did not have to pay bond, she did not suffer a secondary deprivation of liberty separate from the initial arrest, which is fatal to her malicious prosecution claim.

4. Officer Stuckey is absolutely immune for his preliminary hearing testimony.

5. Officer Stuckey is entitled to qualified immunity on Plaintiff Abbey's Sixth Amendment claim because the Sixth Circuit has not recognized a claim for money damages for speedy trial violations. Additionally, the complaint does not allege that Officer Stuckey was involved in the trial delays. Moreover, because Plaintiff Abbey's criminal case was dismissed, she does not have a Sixth Amendment claim for a speedy trial violation.

6. The mere allegation that the Metropolitan Government exists does not state a claim for municipal liability.

Accordingly, the Defendants request that the Complaint be dismissed.

## FACTS

On August 14, 2019, Plaintiff Abbey and her son, David Hernandez, drove to a friend's home on Hermosa Street in Nashville, Tennessee. (Compl. ¶ 2, Doc. No. 1.) After they pulled up to the friend's house, a blue car stopped behind them. (*Id.* ¶ 3.) Both Plaintiffs and the individuals in the blue car stayed in their vehicles. (*Id.*) Plaintiff Abbey began to feel uncomfortable and left. (*Id.*) The blue car started to follow her. (*Id.* ¶ 4, 5.) As Plaintiff Abbey drove through the stop sign at Meharry and 21st Avenue North, the blue car flashed its police lights. (*Id.* ¶ 5.) Plaintiff traveled down 21st Avenue North to the intersection of Jefferson Street, approximately 436 feet away. (*Id.*) She stopped in the middle lane. (*Id.*)

Two officers, including Defendant Officer Stuckey, approached the car with their guns drawn. (*Id.* ¶ 6.) They yelled at Plaintiff to exit the vehicle with her hands up. (*Id.* ¶6.) Plaintiff complied and the Officers holstered their weapons. (*Id.*) Officer Stuckey explained

that Plaintiff was under arrest for evading arrest from a traffic stop and reckless endangerment. (*Id.*)

Plaintiff alleges that when she asked why she was being arrested, Officer Stuckey yelled and threatened to call "CPS."[1] (*Id.* ¶ 7.) Eventually, Plaintiff got a friend to come pick-up her child. (*Id.*)

Officer Stuckey and his partner transported Plaintiff to booking where she was held for several hours. (*Id.* ¶ 8.) She was ultimately released without paying a bond. (*Id.* ¶ 8.) During the preliminary hearing in December 2019, Officer Stuckey falsified his testimony. (*Id.* ¶ 9, 10.) He told an entirely different story wherein he flashed his police lights multiple times and Plaintiff sped off. (*Id.* ¶ 10.) Based on this false testimony, the case was bound over to criminal court. (*Id.* 12.) Plaintiff's case was dismissed on September 2, 2022. (*Id.*)

Plaintiff brings three claims on behalf of herself and her minor son. First, she asserts claims for false arrest and malicious prosecution under the Fourth Amendment.[2] She also brings a claim for a violation of the Sixth Amendment asserting that "[Officer] Stuckey's false testimony under oath in court which itself is unlawful led to the Plaintiff not receiving a fair and speed hearing/trial in violation of the 6th Amendment of the Constitution."

## LEGAL STANDARD

A plaintiff must allege in a complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 570 (2007). As the Supreme Court reiterated in *Ashcroft v. Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility

---

[1] Defendants infer that Plaintiff refers to the Tennessee Department of Children's Services.
[2] Plaintiff Abbey also asserts that her malicious prosecution claim arises under the Fourteenth Amendment. But when a specific amendment protects a constitutional right, a Fourteenth Amendment due process claim is duplicative and should be dismissed. *See* Section II.b below.

and plausibility of entitlement to relief.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (cleaned up). Further, the tenet that a court must credit all well-pleaded factual allegations in a complaint does not apply to legal conclusions. *Id.*

## LEGAL ANALYSIS

### I. PLAINTIFF ABBEY CANNOT PROSECUTE THE CLAIMS OF HER MINOR SON, PLAINTIFF HERNANDEZ.

Plaintiff Abbey cannot prosecute this action *pro se* on behalf of her son, Plaintiff Hernandez. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." However, that does not extend to authorize a parent to represent a minor child. *Shepherd v. Wellman*, 313 F.3d 963, 970-97 (6th Cir. 2002). The minor's cause of action belongs to the minor and not the parent or representative. *Id.; see also McCoy v. Akron Police Dep't*, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("[W]hile a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se* – that is, the parent can only bring suit on behalf of the minor child through an attorney.")

Here, there is no attorney of record and Plaintiff Abbey is not a licensed attorney. Accordingly, the claims of Plaintiff Hernandez should be dismissed.[3]

---

[3] The Metro Defendants recognize that these dismissals are typically without prejudice. *See B.K. by and through Klingenbrg v. Alcona Cty. Comm. Sch. Bds. Of Educ.*, 2021 WL 4893992, (E.D. Mich. October 6, 2021) (collecting cases). However, in this case, the dismissal should be with prejudice. The Fourth Amendment claims for malicious prosecution and the Sixth Amendment speedy trial claim should be dismissed for the additional reason that Plaintiff Hernandez was never prosecuted. To the extent any Fourth Amendment false arrest claim is based on Plaintiff Hernandez also being detained, that claim is barred by the one-year statute of limitations.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST OFFICER STUCKEY.

### a. A one-year statute of limitations bars Plaintiff's false arrest claim.

Plaintiff's claim for false arrest expired almost three years ago. She alleges that Officer Stuckey arrested her on August 14, 2019. (Compl. ¶ 2, Doc. No. 1.) Because Section 1983 does not include a statute of limitations, Tennessee's statute of limitations for personal injury torts controls. *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1161-62 (6th Cir. 2021). Tennessee has a one-year statute of limitations for personal injury torts. Tenn. Code Ann. § 28-3-104. The statute of limitations for a claim of false arrest begins to run either when the plaintiff is released or when legal process issues. *Dibrell*, 984 F.3d at 1162. In this case, Plaintiff Abbey was released on August 14, 2019.[4] (Compl. ¶¶ 2, 8, Doc. No. 1.) Her complaint was filed on April 3, 2023, more than a year after her claim accrued. Accordingly, Plaintiff Abbey's claim is time-barred and should be dismissed.

### b. Plaintiff Abbey's malicious prosecution claims under the Fourteenth and Fourth Amendments fail.

The Complaint cites both the Fourth and Fourteenth Amendments as supporting the malicious prosecution claim. (Compl. First Claim for Relief, Doc. No. 1.) The essence of Plaintiff Abbey's claim is that her prosecution continued without probable cause. That claim is properly brought under the Fourth Amendment, which guarantees the right to be free from continued detention without probable cause. *Gregory v. City of Louisville*, 444 F.3d 725, 750 (6th Cir. 2006). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing

---

[4] While the Complaint does not state whether legal process issued on August 14, 2019, process was necessarily issued before the preliminary hearing on December 4, 2019. Using either date, Plaintiff Abbey's filing in 2023 is untimely.

such a claim." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (quotation marks omitted). Accordingly, the Fourteenth Amendment claim must be dismissed.

> **i. Plaintiff Abbey did not have to post bail and was released the same day as her arrest. Because there was no secondary deprivation of liberty, her Fourth Amendment claim fails.**

Plaintiff Abbey's Fourth Amendment claim must be dismissed because she did not suffer a secondary deprivation of liberty and Officer Stuckey is immune for his preliminary hearing testimony. The Fourth Amendment governs a claim for unlawful pretrial detention after the issuance of legal process. *Manuel v. City of Joliet, Ill.*, 580 U.S. 357 (2021). To succeed, Plaintiff Abbey must plead that:

(1) A criminal prosecution was initiated against her and the Defendant made, influenced, or participated in the decision to prosecute;

(2) There was a lack of probable cause for the criminal prosecution;

(3) As a consequence of a legal proceeding, she suffered a deprivation of liberty under the Fourth Amendment, apart from the initial seizure; and

(4) The criminal proceeding was resolved in her favor.

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).

An "initial arrest alone is an insufficient deprivation of liberty" to support a claim for malicious prosecution. *Noonan v. Cty. Of Oakland*, 683 F. App'x 455, 463 (6th Cir. 2017). When a plaintiff is not incarcerated after the issuance of legal process, required to post bail or bond, or subjected to any travel restrictions, she does not suffer a deprivation of liberty. *Id.* Being required to attend court proceedings, even if those proceedings are out of state, is also not sufficient. *Id.*

Plaintiff alleges that she did **not** have to post a bond and that she was released the same day she was arrested. (Compl. ¶ 8, Doc. No. 1.) There are no other facts alleged about

any restrictions on her liberty *after* the issuance of legal process. Accordingly, the Complaint establishes that Plaintiff did not suffer a secondary deprivation of liberty, and her Fourth Amendment malicious prosecution claim fails.

### ii. Officer Stuckey is immune for his preliminary hearing testimony.

Officer Stuckey is absolutely immune for his testimony at the preliminary hearing. The Complaint details Officer Stuckey's preliminary hearing testimony and declares it all lies.[5] Nonetheless, the Supreme Court has "upheld absolute immunity from § 1983 suits for a police officer's testimony, even acknowledging that this could result in defendants being falsely convicted by knowing false testimony given by police officers." *Miller v. Maddox*, 866 F.3d 386, 394 (6th Cir. 2017) (discussing *Briscoe v. LaHue*, 460 U.S. 325 (1983)).

Absolute immunity protects officers who testify at preliminary hearings and before the grand jury. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012) ("[A] grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony."); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings."). Accordingly, any Fourth (or Fourteenth) Amendment claim based on false testimony should be dismissed. *Knight v. Montgomery Cty. Tenn.*, 2015 WL 2185973, *5 (M.D. Tenn. May 8, 2015).

### c. Officer Stuckey is entitled to qualified immunity on Plaintiff Abbey's Sixth Amendment speedy trial claim.

The Sixth Amendment guarantees in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. These rights apply to the states through the Fourteenth Amendment. *Klopfer v. North Carolina*,

---

[5] Officer Stuckey denies lying at Plaintiff Abbey's preliminary hearing. As required on a motion to dismiss, he accepts Plaintiff's version of events set forth in the Complaint.

386 U.S. 213, 223 (1967). The purpose of the speedy-trial guarantee is to protect the accused against oppressive pre-trial incarceration, anxiety and concern due to unresolved criminal charges, and the risk that evidence will be lost or memories diminished. *Doggett v. U.S.*, 505 U.S. 647, 654 (1992); *U.S. v. Loud Hawk*, 474 U.S. 302 (1986); *U.S. v. MacDonald*, 456 U.S. 1, 7-8 (1982); *Barker v. Wingo*, 407 U.S. 514, 532–33, (1972); *U.S. v. Marion*, 404 U.S. 307, 320 (1971); *U.S. v. Ewell*, 383 U.S. 116, 120 (1966). The sole remedy for a violation of the speedy-trial right is dismissal of the charges. *See Strunk v. U.S.*, 412 U.S. 434, 439-40 (1973); *U.S. v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999).

Neither the Supreme Court nor the Sixth Circuit have expressly recognized a right under Section 1983 to recover money damages for speedy-trial violations. *See Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 649-650 (6th Cir. 2012) (Sutton, J., concurring) (setting forth the elements of a speedy trial claim for damages, but not expressly recognizing that money damages are available). And courts throughout the country have split on the issue. *Bramhall v. Gill*, 2023 WL 2941545, *6-7 (D. Utah Jan. 31, 2023) *report and recommendation adopted,* 2023 WL 2706736 (D. Utah Mar. 30, 2023) (collecting cases).

The debate about whether or not the claim even exists entitles Officer Stuckey to qualified immunity. "Qualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.'" *Occupy Nashville v. Haslam*, 769 F.3d 434, 441 (6th Cir. 2014) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam).

Qualified immunity protects government officials from liability if (1) the officers did not violate any constitutional guarantees or (2) the guarantee, even if violated, was not

"clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to immunity." *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010).

"Rights at issue must be clearly established, not just in the abstract sense, but in a particularized sense." *Caudill v. Hollan*, 431 F.3d 900, 912 (6th Cir. 2005). In fact, the Supreme Court has repeatedly admonished courts that clearly established law cannot be defined at a high level of generality. *City and Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 613 (2015) (citations omitted). Instead, "existing precedent must have placed the . . . constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Ashford v. Raby*, 951 F.3d 798, 801 (6th Cir. 2020) ("That's a tough standard. How tough? Well, [a plaintiff] must show that 'then-existing precedent' put the illegality of [the defendant's] conduct 'beyond debate.'"). Thus, to overcome the qualified immunity defense, a plaintiff must point to a case in which a constitutional violation was found under the "*precise* situation" the defendant was facing. *Ashford*, 951 F.3d at 801 (emphasis in original).

Here, no binding case recognizes Plaintiff's right to money damages for a speedy trial violation under Section 1983. The only reference to a Sixth Amendment speedy trial claim at the Sixth Circuit is in Judge Sutton's concurrence in *Heyerman*. If an unpublished decision from the Sixth Circuit cannot clearly establish law — *see Bell v. City of Southfield, Mich.*, 37 F.4th 362, 367-368 (6th Cir. 2022) — then a single judge's concurrence also cannot set forth clearly established law. In the absence of recognition that such a right exists and what conduct violates that right, Officer Stuckey is entitled to qualified immunity.[6]

---

[6] Judge Sutton states that a speedy trial violation can only be established with state lethargy and a state trial. *Heyerman*, 680 F.3d at 649-650. The charges against Plaintiff Abbey were dismissed before trial and therefore she could not state a Sixth Amendment claim. (Compl.

### III. THE LACK OF ALLEGATIONS AGAINST THE METROPOLITAN GOVERNMENT WARRANTS DISMISSAL OF MUNICIPAL LIABILITY CLAIMS.

Section 1983 will not support a claim against a municipality based upon a *respondeat superior* theory of liability.[7] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Rather, a municipality may be held liable "only for the adoption of a policy or custom that violates federally protected rights." *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005) (citation and quotation marks omitted); *see also Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007). The custom or policy must be the "moving force" behind the constitutional violation, *Polk County v. Dodson*, 454 U.S. 312, 326 (1981); thus, the plaintiff needs to "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy," *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted); *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014).

Municipal liability can be proven in four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess*, 735 F.3d at 478 (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

---

¶ 12, Doc. No. 1.) Again, Plaintiff relies on Officer Stuckey's false testimony to establish a constitutional violation. As discussed above, Officer Stuckey is immune for any claims related to that testimony. There are no other allegations that Officer Stuckey caused the delay in Plaintiff Abbey's criminal case being heard. Plaintiff Abbey's claim fails for that reason as well. *See Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992) (for liability to attach under Section 1983, there must be facts showing the defendant's personal involvement.)

[7] As discussed above, Officer Stuckey did not violate any constitutional right of Plaintiff Abbey. Because there was not a violation of a constitutional right, the Section 1983 claim against the Metropolitan Government should be dismissed. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014).

The Complaint does not say what theory of municipal liability Plaintiff Abbey travels under. The only mention of the Metropolitan Government is in the jurisdictional statement. (Compl. ¶ 1, Doc. No. 1.) It states: "Defendant is a Metropolitan Government of Nashville operating in the city of Nashville in the county of Davidson." (*Id.*) The only inference to be drawn is that the Complaint seeks to impose liability on the Metropolitan Government solely because it employed Officer Stuckey. More is required to state a claim against the Metropolitan Government. Because the Complaint contains no facts to support a claim against the Metropolitan Government, it should be dismissed as a Defendant.

## CONCLUSION

The complaint fails to state a claim against Officer Stuckey and by extension against the Metropolitan Government. Plaintiff Abbey cannot prosecute any claim on behalf of her minor son, Plaintiff Hernandez. And even if she could, there are no timely claims alleged on his behalf.

Plaintiff Abbey's Fourth Amendment false arrest claim is untimely by almost three years. To be liable for malicious prosecution, a plaintiff must plead a secondary deprivation of liberty. Plaintiff's Complaint does the opposite. It establishes that she did not have to post bond and that she was not deprived of any liberty interest after the issuance of legal process. Therefore, her malicious prosecution claim should be dismissed. Moreover, Officer Stuckey is absolutely immune for his testimony at the preliminary hearing. Finally, because neither the Supreme Court nor the Sixth Circuit has allowed a claim for money damages for speedy trial act violations, Officer Stuckey is entitled to qualified immunity. The right at issue cannot be clearly established if the courts have not established it at all. Even assuming the existence of such a claim, there are no allegations that Officer Stuckey contributed to the delay in the case being tried, or that there was even a trial at all. In short, the complaint fails to state a claim against Officer Stuckey.

Because pleading a municipal liability claim requires more than a single allegation in the jurisdictional statement, the claims against the Metropolitan Government should be dismissed as well.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
John W. Ayers (#37494)
ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent by U.S. Mail and electronic mail to:

Naya L. Abbey
16466 Tacoma
Detroit, MI 48205
ihavethevictorynow@gmail.com

on this the 7th day of June, 2023.

*/s/ Melissa Roberge*
Melissa Roberge