IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NAYA L. ABBEY & <br> DAVID IMMANUEL HERNANDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GOVERNMENT OF <br> NASHVILLE AND DAVIDSON <br> COUNTY and TERRANCE D. <br> STUCKEY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:23-cv-0300 <br> ) Judge Crenshaw <br> ) Magistrate Judge Holmes <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OFFICER STUCKEY AND THE METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO STAY**

Defendants, Officer Terrance Stuckey and the Metropolitan Government of Nashville and Davidson County move to stay discovery in this matter until the pending qualified immunity issues are fully and finally resolved. Officer Stuckey has moved to dismiss the claims against him based on qualified immunity. As outlined in more detail below, because qualified immunity is a defense from suit (not merely a defense from liability), the immunity is effectively lost if discovery proceeds absent resolution of the qualified immunity issue. Additionally, to permit Plaintiff to take discovery from the Metropolitan Government would essentially create an end-run around any discovery stay as to Officer Stuckey. Thus, it is necessary to stay discovery as to all Defendants.

**ARGUMENT**

**I. QUALIFIED IMMUNITY IS A DEFENSE FROM SUIT.**

Qualified immunity protects government officials from liability if (1) the officers did not violate any constitutional guarantees or (2) the guarantee, even if violated, was not

"clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to immunity." *Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010).

Under federal law, "[q]ualified immunity is intended not only to protect officials from civil damages, but just as importantly, to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery." *Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009). For this reason, "questions of qualified immunity should be resolved 'at the earliest possible stage in litigation,' or else the 'driving force' behind the immunity—avoiding unwarranted discovery and other litigation costs—will be defeated." *Id.* at 492 (quoting *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009)). In fact, the Supreme Court has recognized a trial judge's ability to prohibit discovery until immunity issues are resolved:

> Once a defendant pleads a defense of qualified immunity, "on summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. Until this threshold immunity question is resolved, discovery should not be allowed."

*Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal alterations omitted)).

In *Everson*, the Sixth Circuit held that the district court erred when it "permitted discovery to continue before first resolving the qualified-immunity question." 556 F.3d at 491. Although *Everson* was decided in the context of a motion for summary judgment, other federal courts have held that government officials are entitled to a stay of discovery until the court rules on motions challenging the pleadings via the qualified immunity defense. *See, e.g.*, *Johnson v. Moseley*, 790 F.3d 649, 656 (6th Cir. 2015) ("The district court's ruling that plaintiff is entitled to discovery notwithstanding his conclusory allegations flies in the face of

qualified immunity's purpose of resolving insubstantial claims as early as possible so as to avoid unnecessarily subjecting government officials to the disruptive burdens of litigation."); *Farah v. Wellington*, No. 4:06-cv-1481, 2006 WL 2233216, at *2 (N.D. Ohio 2006), *aff'd*, 295 F. App'x 743 (6th Cir. 2008) (ordering "that all discovery in this matter shall be STAYED except that limited discovery may be conducted where necessary to resolve the issue of qualified immunity").

The Supreme Court has emphasized that the primary purpose of the qualified immunity doctrine is to ensure that "'insubstantial claims' against government officials [will] be resolved *prior to discovery*." *Pearson*, 555 U.S. at 231-32 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)) (emphasis added). Staying discovery when an immunity defense is raised on legal questions alone makes practical sense because an adverse ruling on the defense is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985). That is, resolving the qualified immunity issue before discovery makes sense where claims against the asserting party may not go to trial until they have been to the United States Court of Appeals for the Sixth Circuit and back, if at all.

Consistent with these legal principles, this Court has stayed discovery in cases where individual defendants raised qualified immunity in a motion to dismiss. *See, e.g.*, *Arnold v. Metro. Gov't et al.*, 3:09-cv-0163, Doc. No. 9 (Wiseman, S.J.); *Heyne v. Metro. Gov't et al.*, 3:09-cv-0847, Doc. No. 46 (Campbell, C.J.); *Kovach v. Metro. Nashville Pub. Schs. et al.*, 3:09-cv-0886, Doc. No. 52 (Brown, M.J.); *King v. Chambers et al.*, 3:20-cv-00379, Doc. No. 42 (Frensley, M.J.); *Delanis v. Metro. et. al*, 3:22-CV-00469, Doc. No. 52)(Frensley, M.J.).

### II. OFFICER STUCKEY'S QUALIFIED IMMUNITY MOTION SHOULD BE RESOLVED BEFORE THE COURT PERMITS DISCOVERY FROM HIM.

Following the reasoning outlined above, the Court should stay discovery as to Officer Stuckey. Because Plaintiff has not pleaded allegations to establish a constitutional violation,

let alone a violation of a clearly-established right, Officer Stuckey is shielded by qualified immunity. And he has contemporaneously filed a motion asserting that defense. Accordingly, the Court should stay discovery as to Officer Stuckey until the qualified immunity issue is resolved.

Officer Stuckey's motion to dismiss turns on a question of law about whether the conduct alleged him states a constitutional violation in the first instance. He also asserts that, with regard to the Sixth Amendment claim, the law was not clearly established that a plaintiff could recover for speedy trial violations. This too, is a question of law.

In either circumstance, the question of whether discovery should proceed against the Officer Stuckey is not discretionary. Instead, the Sixth Circuit has made clear that qualified immunity must be addressed before discovery is permitted, with the Court examining whether the Complaint states a clearly-established constitutional violation:

> We also note that it is not proper to grant summary judgment without giving Alspaugh an opportunity to engage in discovery merely because the state defendants asserted qualified immunity as a defense. While we held in *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004), that ***a district court must address the question of qualified immunity prior to discovery***, we did not hold that any time qualified immunity is asserted it is proper to dismiss on that ground prior to allowing any discovery. ***Rather, we merely instructed the district court to scrutinize the plaintiff's complaint to determine whether a violation of a clearly established constitutional right was alleged.*** *Id.* In *Adams v. Metiva*, 31 F.3d 375, 387 (6th Cir.1994), we made clear that where the issue of qualified immunity turns on contested issues of fact, its determination is not one for summary judgment.

*Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011) (emphasis added); *see also Skousen v. Brighton High Sch.*, 305 F.3d 520, 526–27 (6th Cir. 2002) ("[T]here is also no question that *Mitchell*'s principle that '[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal

before the commencement of discovery still stands at the threshold of the qualified immunity analysis.'") (quoting *Mitchell*, 472 U.S. at 526).

Because the motion to dismiss the Complaint turns on the legal questions of whether Plaintiff pled a constitutional violation or if clearly-established law would have put him on notice that his actions established constitutional violations, the Court should stay discovery as to him pending resolution of his motion to dismiss.

### III. DISCOVERY SHOULD BE STAYED AS TO THE METROPOLITAN GOVERNMENT PENDING FINAL RESOLUTION OF THE QUALIFIED IMMUNITY ISSUE.

The Metropolitan Government has moved to dismiss the constitutional claims proceeding against it and requests a stay of discovery, as well. "The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (citations and quotations omitted). Although the qualified-immunity defense is not available to a municipality, judicial economy and conservation of the government's resources weigh heavily in favor of staying discovery as to the municipal defendant until the Court has ruled on the motion to dismiss that raises an individual defendant's entitlement to qualified immunity.

Plaintiff's ability to state a claim against a municipality under 42 U.S.C. § 1983 will rise or fall on whether she states a constitutional claim against a government actor. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) (holding that if no constitutional violation by the individual defendants is pleaded, the municipal defendant cannot be liable under Section 1983); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (" . . . neither *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the

actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.").

To permit discovery to move forward against the Metropolitan Government—or at least to do so without any restrictions on what discovery is permitted—would create an end-run around the stay of discovery as to Officer Stuckey. This is particularly true when the only allegation pertaining to the Metropolitan Government is that it exists. The Sixth Circuit has recognized that "[i]t is up to the district court to take qualified immunity into account when developing its discovery plan," acknowledging the Supreme Court's instruction that "'the trial court must exercise its discretion in a way that *protects the substance of the qualified immunity defense*. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'" *In re Flint Water Cases*, 960 F.3d 820, 826-27 (6th Cir. 2020) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) (emphasis added)). If Plaintiff can obtain in discovery the very information that he otherwise would have obtained from Officer Stuckey, had he not asserted qualified immunity, then his immunity will have effectively been lost. At a minimum, Officer Stuckey will be forced into the precarious position of having to choose between (a) monitoring the development of discovery that undoubtedly will concern them, effectively losing the benefit of qualified immunity, and (b) ignoring discovery entirely, at risk of Plaintiff using it against them in this litigation if the qualified immunity defense is not resolved in their favor.

Given these concerns, this Court has previously stayed all discovery in numerous cases involving the Metropolitan Government and an individual defendant where the qualified-immunity defense was raised in a motion to dismiss. *E.g.*, *Jones v. Metro. Gov't*, No. 3:21-CV-00112, 2021 WL 6499976, at *2 (M.D. Tenn. July 6, 2021) (Frensley, M.J.); *Minick v. Metro. Gov't, et al.*, No. 3:12-cv-0524, Doc. No. 43 (Trauger, J.); *Arnold v. Metro. Gov't, et*

*al.*, No. 3:09-cv-01163, Doc. No. 9 (Wiseman, S.J.); *Howell v. Gonzalez et al.*, No. 3:17-cv-1413, Doc. No. 94 (Frensley, M.J.); *Kovach v. Metro. Nashville Pub. Schs. et al.*, No. 3:09-cv-0886, Doc. No. 52 at 2-3 (Brown, M.J.).

## CONCLUSION

Officer Stuckey asserted the qualified-immunity defense in this case, seeking dismissal of Plaintiff's claims. Because qualified immunity provides immunity from suit, Plaintiff should not be permitted to proceed in discovery against him before the Court rules on his motion to dismiss raising qualified immunity. Additionally, because permitting discovery against the Metropolitan Government would essentially create an end-run around the discovery stay as to the Officers, the Metropolitan Government respectfully requests a stay, as well.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/Melissa Roberge*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
John W. Ayers (#37494)
ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by U.S. Mail and electronic mail to:

Naya L. Abbey
16466 Tacoma
Detroit, MI 48205
ihavethevictorynow@gmail.com

on this the 7th day of June, 2023.

*/s/Melissa Roberge*
Melissa Roberge