Naya L Abbey
Plaintiff, Pro Se
16466 Tacoma
Detroit, MI 48205
615-294-5095
ihavethevictorynow@gmail.com



# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

Naya L Abbey, Pro Se

   Plaintiff,

v.

The State of Tennessee it's individual capacity
Defendant.

Case No.: 3:23-cv-0300

**COMPLAINT**
(Police Perjury, Malicious Prosecution, Police misconduct, Violation of 6th Amendment rights

42 USC 1983

**AMOUNT PRAYED FOR:**

$8,140,000

**Amended Complaint**

PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendant and alleges as

follows:

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because: At all times material to this complaint, Plaintiff was a resident of Davidson County of the city of Nashville, Tn. Defendant The State of Tennessee which is a national territory Governmental entity.

2.

On August 14, 2019 Plaintiff Abbey was arrested under false pretense, and was facing charges of two felonies due to police misconduct and police perjury. Plaintiff Abbey spent 3 years fight for her innocence. Plaintiff was subjected to deprivation of liberty by being placed under the supervision of court through pretrial services where she didn't have the liberty to live and function normally due to not having the freedom to move from state to state freely, Plaintiff would have to check in with pretrial services every week to give her whereabouts and if Plaintiff failed to do so she would have been subjected to incarceration. Plaintiff Abbey's case stayed pending for three years despite the courts only having two years to convict for a class E felony.

3.

Plaintiff Abbey was scheduled for a trial but never receive a trial, where she could testify on her own behalf. Plaintiff's case was retired two weeks before her trial and then later dismissed due to plaintiff's request in the form a letter to Judge Jennifer L Smith.

4.

Plaintiff Abbey appeared in court up to 8 different times, each time she was advised that she will be going to trial but instead of being giving a trial date Plaintiff Abbey's court date was rescheduled up to 8 times during a 3-year time span and Plaintiff was forced spent $2,500.00 in attorney's fees so she can receive adequate representation.

5.

Each time Plaintiff Abbey appeared in court she was offered a plea deal, which she would refused each time, she would then request a trial. Plaintiff's trial date would consistently change

causing a delay in justice for Plaintiff Abbey. Plaintiff requested a trial several times to no avail she was forced to appear 8 different times in court without her testimony being heard or even seen by a judge. Plaintiff waited for hours each time she appeared at court, after being promised a trial date.

6.

On August 24, 2022 Plaintiff Abbey Appeared at her final hearing that was set two weeks before her trial date. Plaintiff Abbey waited to be seen and also waited several hours for her attorney to appear as well Plaintiff Abbey's counsel never appeared at court Plaintiff was advised that the court didn't know where her Attorney Jefre Goldtrap was. Plaintiff Abbey was called to the stand without her counsel present when she started to explain to Honorable Judge Jennifer L Smith of the difficult time she had been having getting a trial date Plaintiff Abbey was interrupted by the prosecuting DA. The DA Motioned to retire Plaintiff Abbey's Case with an 11/29 Stipulation that plaintiff "stays out of trouble during the 11 months and 29 days" the case would be then be dismissed at the end of the 11 months and 29 days

7

This was a direct result of Officer Stuckey's instructed perjury by his Lieutenant against Plaintiff Abbey on December 4th 2019. Where Officer Stuckey was advised by his Superior to commit police perjury to cover up the wrongful arrest, illegal search and harassment committed against the victim Plaintiff Abbey. The malicious prosecution led to Plaintiff's case being delayed for trial through criminal court and Plaintiff being subjected to the Supervision of Pretrial services.

8

Title I of the Speedy Trial Act of 1974, 88 Stat. 2080, as amended August 2, 1979, 93 Stat. 328, is set forth in 18 U.S.C. §§ 3161-3174. The Act establishes time limits for completing the various stages of a federal criminal prosecution. The information or indictment must be filed within 30 days from the date of arrest or service of the summons. 18 U.S.C. § 3161(b). Trial

must commence within 70 days from the date the information or indictment was filed, or from the date the defendant appears before an officer of the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1).

9

THE TIME LIMITS SET IN THE ACT WILL BE ENFORCED BY MANDATORY DISMISSAL OF CRIMINAL CHARGES, ON THE DEFENDANT'S MOTION, WHEN THE TIME LIMITS ARE EXCEEDED. THE ACT IMPOSES TIME LIMITS FOR THREE SEPARATE INTERVALS: (1) ANY INFORMATION OR INDICTMENT MUST BE FILED WITHIN 30 DAYS OF ARREST OR SERVICE OF THE SUMMONS IN CONNECTION WITH AN OFFENSE; (2) ARRAIGNMENT OF THE ACCUSED MUST BE HELD WITHIN 10 DAYS OF THE FILING DATE OF INFORMATION/INDICTMENT OR OF THE DATE THE ACCUSED IS ORDERED HELD TO ANSWER AND APPEARS BEFORE A JUDICIAL OFFICER IN THE COURT IN WHICH THE CHARGE IS PENDING, WHICHEVER OCCURS LATER; AND (3) WHERE A PLEA OF NOT GUILTY IS ENTERED, TRIAL MUST BEGIN WITHIN 60 DAYS FROM DATE OF ARRAIGNMENT.THE MANDATED TIME LIMITS ARE INTENDED TO DEFINE AND IMPLEMENT THE SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL AND TO ENHANCE THE DETERRENT VALUE OF PUNISHMENT BY MAKING THE ADMINISTRATION OF JUSTICE EFFICIENT AND SWIFT.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

Speedy Trial in violation of the 6Th amendment and Malicious persecution, Police Misconduct: 4th and 14Th Amendment to the U.S. Constitution; 42 USC 1983) an action for malicious prosecution must be commenced within one year after the action accrued [Tenn. Code Ann. 28-3-104 (a)(1) (Supp.1991)] A cause of action for malicious persecution accrues when a malicious suit is finally terminated in the defendant's favor. Rosen v. Levy, [113s.w.1042,1044 (Tenn.1908)]. 833S.W.2d at 73. Speedy trial. Metropolitan Nashville Tennessee is a Governmental entity and has Municipal Liability for its Employees and other federal services.

Burgess, 735 F 3d at 478 Citing Thomas V. The city of Chattanooga, 398 F. 3d 426, 429( 6th cir 2005)

Plaintiff re-alleges and incorporate Paragraphs 1-9 as if fully set forth here.

10

Defendants' actions as described above constitutes a violation of Plaintiff's 6th Amendment rights and Plaintiff's 4th and 14th amendment rights as well. Plaintiff's case was placed on the back burner throughout her prosecution. Plaintiff was subjected to unfair hearing due to police perjury and did not receive a fair and speedy hearing/trial in violation of Plaintiff Abbey's 6Th Amendment right of the constitution. The Police perjury was an interruption of due process. Plaintiff Abbey was then subjected to facing two class E felonies which the State of Tennessee had 2 years to convict Plaintiff Abbey waited for a Trial for 3 years. A trial that would never come, Plaintiff never got a chance to testify on her own behalf. Instead Plaintiff was given an unfair judgement and still had to seek justice for a rightful judgment on her own behalf. Plaintiff's case was finally dismissed after her appeal to the courts to completely dismiss her case.

11

Plaintiff Abbey was refused a speedy trial by the courts which lead in delay of justice for her. By Plaintiff Abbey having so many court appearances it delayed her being able to recover from the damages caused by her Arrest and police perjury committed against the Plaintiff. Plaintiff Abbey didn't have transportation and would have to walk 2 hours to get to court each time she had to make an appearance, just to wait for hours and be told her court date was being rescheduled. The State of Tennessee is responsible for the misconduct of its employees and for the delay of justice as this is a Governmental entity.

12

As a direct result of Defendants actions Plaintiff sustained economic damages in the form of Plaintiff losing her job and home because she had two outstanding felonies pending under her Name (to obtain housing and employment Plaintiff had to submit a clean background check Which she was unable to do due to the two open felony charges under her name) these charges Stayed pending for 3 years this led to non-economic damages due to Pain and suffering of

Separation of her son due to homelessness because plaintiff Abbey had to send her son to live With his father in Alabama where he still lives to this day Plaintiff has not physically seen her Child since December 10th 2021, 13 days after the preliminary hearing Plaintiff Abbey suffered a miscarriage from stress due to fear of imprisonment and separation from her unborn child, on August 14, 2021 Plaintiff Abbey lost another child due to complications at birth 2 days after the Child was born due to bad health from depression, stress and lack of transportation to and from Doctors' appointments and homelessness. Plaintiff son is not a resident of Tennessee anymore and plaintiff was unable to visit her son in Alabama due to the stipulation of her supervision Under pretrial services, Plaintiff Abbey suffered mental damages of anxiety, stress and episodes of extreme depression.

**PRAYER FOR RELIEF**

13

WHEREFORE, Plaintiff requests the following relief:

A money award judgment entered against Defendants for $8,140,000, representing $2,442,000 for 3 years of loss of wages and $5,698,000 in non-economic damages.

-A money award for Plaintiff's costs and disbursements associated with bringing this action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on:

By: *[signature]*

Naya L Abbey

Plaintiff, Pro Se
16466 Tacoma
Detroit, MI 48205
615-294-5095

ihavethevictor