IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NAYA L. ABBEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-cv-0300 |
| ) | Judge Crenshaw |
| METROPOLITAN GOVERNMENT OF ) | Magistrate Judge Holmes |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |

## THE METROPOLITAN GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss all claims brought by Plaintiff Naya Abbey against the Metropolitan Government. The Amended Complaints[1] assert Fourth Amendment malicious prosecution claims and Sixth Amendment speedy trial claims against the Metropolitan Government as well as the Metropolitan Nashville Police Department ("MNPD") based on Plaintiff's arrest and prosecution in 2019 for felony reckless endangerment and evading arrest. (Am. Compls. at 5-6, Doc. Nos. 18-19.) The Court should dismiss all claims because MNPD is not an entity subject to suit and Plaintiff has pleaded no legitimate theory of municipal liability for any claim against the Metropolitan Government.

---

[1] Plaintiff filed three Amended Complaints on June 30, 2023. (Doc. Nos. 18-20.) Normally, an amended complaint supersedes all prior complaints. *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 456 n.4 (2009). However, Plaintiff enjoys a generous reading of her pleadings because she proceeds *pro se*. *See, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Therefore, this motion treats the two pertinent Amended Complaints as a single operative Amended Complaint and draws from the factual allegations in the original Complaint. This motion does not address the Amended Complaint at Doc. No. 20 because that pleading asserts claims against the State of Tennessee only.

# FACTS[2]

On August 14, 2019, Plaintiff and her son, David Hernandez, drove to a friend's home on Hermosa Street in Nashville. (Compl. ¶ 2, Doc. No. 1.) After they pulled up to the friend's house, a blue car stopped behind them. (*Id.* ¶ 3.) Plaintiff and the people in the blue car stayed in their vehicles. (*Id.*) Plaintiff began to feel unsafe, so she left. (*Id.*) The blue car started to follow her. (*Id.* ¶ 4, 5.) As Plaintiff drove past the stop sign at Meharry and 21st Avenue North, the blue car flashed its police lights. (*Id.* ¶ 5.) Plaintiff traveled down 21st Avenue North to the intersection of Jefferson Street, 436 feet away. (*Id.*) She stopped in the middle lane. (*Id.*)

Two officers approached Plaintiff's car with their guns drawn. (*Id.* ¶ 6.) They yelled at Plaintiff to get out of her car with her hands up. (*Id.*) Plaintiff obeyed, and the officers holstered their weapons. (*Id.*) An officer explained that Plaintiff was under arrest for evading arrest from a traffic stop and reckless endangerment. (*Id.*) Plaintiff alleges that when she asked why she was being arrested, the officer yelled and threatened to call "CPS."[3] (*Id.* ¶ 7.) Eventually, Plaintiff got a friend to come pick-up her child. (*Id.*)

The officers drove Plaintiff to booking, where she was held for several hours. (*Id.* ¶ 8.) She was released without paying a bond. (*Id.* ¶ 8.) During the preliminary hearing in December 2019, MNPD Officer Terrance Stuckey falsified his testimony. (*Id.* ¶ 9, 10.) He told an entirely different story wherein he flashed his police lights multiple times and Plaintiff sped off. (*Id.* ¶¶ 10-11.) Based on this false testimony, the case was bound over to criminal court. (*Id.* ¶ 12.) Plaintiff's case was dismissed on September 2, 2022. (*Id.*)

---

[2] None of Plaintiff's Amended Complaints set out the factual basis for her claims. For the sake of clarity and efficiency, this statement of facts draws from the factual allegations in the original Complaint. *See Corley v. Dental Bliss*, No. 3:17-CV-01211, 2019 WL 2746776, at *1 (M.D. Tenn. June 6, 2019), *report and recommendation adopted sub nom.*, 2019 WL 2725209 (M.D. Tenn. July 1, 2019).

[3] Defendant infers that Plaintiff refers to the Tennessee Department of Children's Services.

Plaintiff brings two claims against the Metropolitan Government:[4]

1. A claim for malicious prosecution under the Fourth Amendment (Am. Compl. at 5, Doc. No. 18); and

2. A claim for a violation of the Sixth Amendment's speedy-trial guarantee. (*Id.*)

## LEGAL STANDARD

A plaintiff must allege in a complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544, 570 (2007). As the Supreme Court reiterated in *Ashcroft v. Iqbal*, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (cleaned up). Further, the tenet that a court must credit all well-pleaded factual allegations in a complaint does not apply to legal conclusions. *Id.*

## ARGUMENT

### I. MNPD IS NOT AN ENTITY SUBJECT TO SUIT.

The Court should dismiss MNPD as a Defendant because it is not an entity that can be sued. Under Federal Rule of Civil Procedure 17(b), state law decides whether a governmental entity can be sued in federal court. *DeSoto v. Bd. of Parks & Recreation*, 64 F. Supp. 3d 1070, 1082 (M.D. Tenn. 2014). Political subdivisions of a state or local government can be sued "only if the law creating them recognizes them as separate legal entities having capacity to sue or be sued." *Davis v. Metro. Gov't of Nashville*, No. 3:10-0721, 2011 WL 160761, at *2 (M.D. Tenn. Jan. 18, 2011), *report and recommendation adopted*, No. 3-10-0721, 2011 WL 902138 (M.D. Tenn. Mar. 15, 2011). The contours of municipal corporations in Tennessee, such as the Metropolitan Government, are crafted by municipal charter and state

---

[4] Plaintiff also attempts to bring a Fourth Amendment unlawful seizure claim against MNPD. (Am. Compl. ¶ 10, Doc. No. 19.) But because MNPD cannot be sued, this claim fails.

law. *Barnes v. City of Dayton*, 392 S.W.2d 813, 817 (Tenn. 1965); *City of Chattanooga v. Tennessee Elec. Power Co.*, 112 S.W.2d 385, 388 (Tenn. 1938). When the Metropolitan Charter conflicts with state law, the Charter controls. *See Robinson v. Briley*, 374 S.W.2d 382, 385 (Tenn. 1963).

The Metropolitan Charter does not generally allow departments of the Metropolitan Government to be sued. *Haines v. Metropolitan Gov't of Davidson Cty.*, 32 F. Supp. 2d 991, 994 (M.D. Tenn. 1998). For that reason, this Court has held many times that only the Metropolitan Government, and not its internal departments, can sue or be sued. *See, e.g., Johnson v. Metropolitan Gov't of Nashville and Davidson Cty., Tenn.*, No. 3:07-0979, 2008 WL 2066475, *8 n.5 (M.D. Tenn. May 13, 2008); *Gant v. Metropolitan Police Dep't*, No. 3:10-cv-557, 2010 WL 3341882, *3 (M.D. Tenn. Aug. 24, 2010); *DeSoto,* 64 F. Supp. 3d at 1082-83.

The Court should do the same here. The Metropolitan Charter does not allow MNPD to sue or be sued. Accordingly, MNPD should be dismissed as a party to this case. *See, e.g.*, *Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the district court's dismissal of the Franklin County Sheriff's Office on grounds that "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (noting that, "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit"); *Keister v. Metro Nashville Police Dep't*, No. 3:21-CV-00738, 2022 WL 4352490, at *2 (M.D. Tenn. June 28, 2022), *report and recommendation adopted*, No. 3:21-CV-00738, 2022 WL 4350257 (M.D. Tenn. Sept. 19, 2022). Consequently, the Amended Complaint at Doc. No. 19 should be dismissed.

## II. ALL CLAIMS AGAINST THE METROPOLITAN GOVERNMENT FAIL FOR LACK OF ALLEGATIONS ABOUT ANY MUNICIPAL POLICY OR CUSTOM THAT CAUSED PLAINTIFF'S INJURY.

The Court should dismiss all claims against the Metropolitan Government because Plaintiff has not alleged any policy or custom that could impart municipal liability under any theory pleaded in the Amended Complaints.

A Section 1983 claim against a municipality will go nowhere on a *respondeat superior* theory of liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Rather, a municipality may be liable "only for the adoption of a policy or custom that violates federally protected rights." *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005) (citation and quotation marks omitted); *see also Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 819 (6th Cir. 2007). The custom or policy must be the "moving force" behind the constitutional violation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). Thus, the plaintiff needs to "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citation omitted); *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014).

To do this, a plaintiff can prove municipal liability four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

None of these four ways is mentioned in the Amended Complaints. The only possible inference the Court could draw is that Plaintiff targets the Metropolitan Government because it employs the officers who arrested her. But that is not enough to state a municipal liability

claim. *Monell*, 436 U.S. at 690-91. Therefore, the Court should dismiss the Metropolitan Government as a Defendant.

## CONCLUSION

MNPD is not an entity subject to suit and should be dismissed as a Defendant. So should the Metropolitan Government, because Plaintiff has not pleaded any viable theory of municipal liability for any claim. As a result, the Court should dismiss all claims in the Amended Complaints at Doc. Nos. 18-19.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/ Melissa Roberge*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
John W. Ayers (#37494)
ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

# CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing has been sent by U.S. Mail to:

 Naya L. Abbey
 David Immanuel Hernandez
 16466 Tacoma
 Detroit, MI 48205

on this the 13th day of July, 2023.

              */s/ Melissa Roberge*
              Melissa Roberge