IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NAYA L. ABBEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-cv-0300 |
| ) | Judge Crenshaw |
| METROPOLITAN GOVERNMENT OF ) | Magistrate Judge Holmes |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |

## THE METROPOLITAN GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

The Court should grant the Metropolitan Government's motion to dismiss for failure to state a claim because Plaintiff's response does not cure her failure to allege any viable theory of municipal liability against the Metropolitan Government. Moreover, Plaintiff has not responded to the argument that the Metropolitan Nashville Police Department is not an entity subject to suit. Finally, the Court should disregard all evidence in Plaintiff's response and accompanying exhibits extraneous to the pleadings because none of it can be properly considered on a motion to dismiss. Therefore, the Court should dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6).

### I. PLAINTIFF HAS NOT RESPONDED TO THE ARGUMENT THAT MNPD IS NOT AN ENTITY SUBJECT TO SUIT.

The Court should dismiss MNPD as a Defendant because it is not an entity that can be sued. Plaintiff did not respond to this argument in her response; therefore, she has waived her opposition. *AK v. Behav. Health Sys., Inc.*, 382 F. Supp. 3d 772, 775 (M.D. Tenn. 2019).

### II. THE COURT SHOULD DISREGARD PLAINTIFF'S EVIDENCE OUTSIDE THE PLEADINGS AND DISMISS HER MUNICIPAL LIABILITY CLAIMS FOR LACK OF ALLEGATIONS ABOUT A POLICY OR CUSTOM.

The Court should disregard the numerous exhibits that Plaintiff attached to her response because they were not attached to her Amended Complaints, do not relate to any factual allegation in the pleadings, and cannot be considered at this stage. Plaintiff's Amended Complaints do not allege any policy or custom that could impose municipal liability; therefore, the Metropolitan Government's motion should be granted.

### A. The Court should disregard Plaintiff's exhibits and evidence in her response not mentioned in the pleadings.

"[A] court evaluating a motion for judgment on the pleadings (or a motion to dismiss) must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (citing authorities). "This rule applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion." *Id.* Consequently, "[p]laintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.*

That is what Plaintiff has tried do here. She attached 16 exhibits to her response[1] and cited to extraneous evidence throughout the response itself. The Court should disregard this evidence because it is not part of the pleadings under Federal Rule of Civil Procedure 7(a). *See Fox v. Mich. State Police Dept.,* 173 F. App'x 372, 375 (6th Cir. 2006).

### B. Plaintiff has not stated a municipal liability claim because she has not alleged any policy or custom that was the moving force behind her alleged constitutional injury.

A municipality may be liable "only for the adoption of a policy or custom that violates federally protected rights." *Schroder v. City of Fort Thomas*, 412 F.3d 724, 727 (6th Cir. 2005) (citation and quotation marks omitted). Plaintiff must "identify the policy, connect the policy

---

[1] These exhibits range from Google Maps printouts with handwritten notes to Plaintiff's own medical records.

to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

Plaintiff's Amended Complaints do not plead any viable theory of municipal liability, only a *respondeat superior* theory based on the actions of Officer Stuckey, a Metropolitan Government employee. But that is not enough to state a claim against the Metropolitan Government. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

In her response to the pending motion, Plaintiff tries to conjure a failure-to-train municipal liability claim that appears nowhere in her pleadings. (Pl.'s Resp. at 2-3, Doc. No. 28.) She refers to other instances of "felony takedowns" not mentioned in her Amended Complaints. She also attempts to flesh out a reference in her Amended Complaint to the case of Ralph Ward, a man who was also arrested by Officer Stuckey. (Pl.'s Resp. at 6-7, Doc. No. 28.) Plaintiff's Amended Complaint refers to Mr. Ward's case in a single paragraph:

> On 11/14/2019 Officer Stuckey was also involved in the Wrongful Arrest and illegal search of Mr. Ralph Ward 4 months to the date after Plaintiff Abbey's arrest. See case NO. 3:20-cv-00981 Ralph Ward v. KEVIN REYNOLDS, et al., Defendants. Where Office Stuckey miss identified Mr. Ward and followed him to a liquor store, tackled him, searched and detained him without probable cause. In the mist of officers in pursuit of another vehicle they lost location of they begin to follow Mr. Ward stating that the reason for his arrest was that he was evading arrest from a traffic stop. Mr. Ward's case was dismissed.

Am. Compl. ¶ 9, Doc. No. 19.

Now, in response to the pending motion, Plaintiff produces a map that supposedly shows where Mr. Ward was arrested. (Ex. C to Pl.'s Resp., Doc. No. 28-1 at 4.) It is not clear why this map matters because Plaintiff never identifies any policy that was applied to her, much less a policy that was applied to her and Mr. Ward. In any event, Mr. Ward's case does not help Plaintiff because he was arrested four months after her. Am. Compl. ¶ 9, Doc. No. 19. So, insofar as Plaintiff alleges a policy based on two arrests, she cannot allege that a policy that coalesced at the time of Mr. Ward's arrest retroactively served as the moving force

behind her supposed constitutional injury. And Plaintiff has not alleged a single-incident theory of municipal liability anywhere in her pleadings, so she cannot rely on that theory, either.

Moreover, the facts of Mr. Ward's case are so different from Plaintiff's that she cannot rely on his case to establish a municipal policy, even if Officer Stuckey had arrested Mr. Ward first. Plaintiff alleges that Officer Stuckey pulled her over for no reason after following her in his car. (Am. Compl. ¶¶ 2-6, Doc. No. 19.) By contrast, Mr. Ward was mistaken for a fleeing suspect and then tackled, searched, and detained. *Id.* ¶ 9. What are the contours of the policy that applied to Mr. Ward and Plaintiff? Plaintiff's Amended Complaints do not say. The only possible inference is that the Metropolitan Government employed an officer who wrongfully arrested two people. But that is not how municipal liability works. "To impose liability under those circumstances would be to impose it simply because the municipality hired one 'bad apple.'" *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985). The Court should therefore grant the motion and dismiss all claims against the Metropolitan Government.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

*/s/John W. Ayers*
Melissa S. Roberge (#26230)
SENIOR COUNSEL
John W. Ayers (#37494)
ASSISTANT METROPOLITAN ATTORNEY
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been sent by U.S. Mail to:

Naya L. Abbey
16466 Tacoma
Detroit, MI 48205
ihavethevictorynow@gmail.com

on this the 13th day of September, 2023.

                                                */s/John W. Ayers*
                                                John W. Ayers