IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NAYA L. ABBEY, individually and D.H., a minor, by and through his parents and next of kin JUSTIN HERNANDEZ and NAYA L. ABBEY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:23-cv-00300 |
| v. | ) ) | Judge Crenshaw |
| | ) ) | Magistrate Judge Newbern |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TERRANCE D. STUCKEY, and JOHN DOE 1, | ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**COME NOW**, Plaintiffs, by and through, undersigned counsel, and hereby submit this response to Defendants' Motion for Summary Judgment, filed before the completion of discovery and before the Court's disposition on the pending Motions to Dismiss.

**I.  Factual Background**

On August 14, 2019, Naya Abbey (hereinafter "Abbey") and her minor child, D.H., were driving in between Abbey's previous rental on Aspen Drive, in Nashville, TN, to a friend's home on Hermosa Street, in Nashville, TN, moving boxes and personal belongings in preparation for Abbey and D.H.'s move to a new house in Madison, TN. (Doc. No. 42, Am. Compl., ¶¶ 13-15). While driving between these locations, less than two (2) miles apart, Abbey noticed a dark blue vehicle following her. (*Id*. ¶ 18). This car followed her

and parked behind her at Hermosa Street. (*Id*.). Abbey did not feel it was safe to exit her vehicle with this unknown blue vehicle seemingly waiting for her to do so. (*Id*. ¶¶ 19-20). When no one emerged from the blue car, Abbey left Hermosa Street, intending to come back later when she felt it was safe. (*Id*.). The blue car followed her through an intersection and then engaged its blue lights and sirens. (*Id*. ¶ 23). When Abbey pulled over, the officers in the car emerged with their guns drawn and yelled at Abbey to exit the vehicle. (*Id*. ¶ 24).

Abbey was arrested and charged with reckless endangerment and evading arrest. (*Id*. ¶25). In support of these charges, Officer Stuckey made patently false statements which were completely unsupported by the dispatch tapes. (*Id*. ¶¶ 25-32, 43-50). Due to these misstatements, Abbey was charged and her case bound over from general sessions court where it was stayed for over three (3) years. (*Id*. ¶ 48). During those three years, Metro failed to disclose the dispatch tapes that showed Officer Stuckey had lied to justify Abbey's stop and secure her detention by the Tennessee criminal court system. (*Id*. ¶¶ 49-50). These dispatch calls were finally disclosed to Abbey on August 24, 2022. (*Id*.). The charges against Abbey were dismissed one week after this disclosure. (*Id*. ¶ 52). Abbey filed her complaint less than a year later, on April 3, 2023 (Doc. No. 1).

The Metro Nashville Community Oversight Board issued a Policy Advisory Report related to Metro Nashville Police Department's use of force on July 24, 2023. (*Id*. ¶36). The Metro Nashville Community Oversight Board began requiring officers to document firearm displays as a type of force used where previously not required to disclose. (*Id*. ¶37). This report demonstrated, through the use of internal documentation of the Metro Nashville Police Department, the disproportionate use of force against people of color. (Id. ¶¶ 37-42).

## II. Defendant's Motion for Summary Judgment is procedurally improper and should not be considered.

Defendants' motion, which asserts a factual basis for granting the motion, is before the Court before any discovery has been conducted in this case. As such, it is procedurally improper and should be denied.

"The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (*citing White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir.1994)). *Accord Plott v. General Motors Corp*., 71 F.3d 1190, 1195 (6th Cir.1995) (*citing Liberty Lobby, Inc*., 477 U.S. at 250 n. 5, (1986)), cert. denied, 517 U.S. 1157, (1996)). This is especially true when the basis for the summary judgment sought is factual rather than legal as "the central issue [in deciding a motion for summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Doe v. City of Memphis*, 928 F.3d 481, 486 (6th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986)). In order for the non-movant to present evidence, "typically, 'some discovery must be afforded [to] the non-movant before summary judgment is granted.'" *Schirmer v. Powell Cnty. Det. Ctr*., 685 F. Supp. 3d 459, 464 (E.D. Ky. 2023) (*citing White's Landing Fisheries, Inc*., 29 F.3d at 231) (emphasis added). For the Court to do otherwise would constitute an abuse of discretion.

In support of this argument, a brief procedural history is necessary. Plaintiff Naya Abbey filed this action, pro se, on April 3, 2023. Upon entering the case, Defendants filed a motion to dismiss and a motion to stay discovery. (Doc. Nos. 11, 13). From that point

3

until undersigned counsel entered an appearance in September 2024, there was a series of competing amended pleadings and motions to dismiss. No discovery took place during that period. When undersigned counsel entered the case, there came before the Court a single, consolidating amended pleading and a responsive motion to dismiss, which is fully briefed and awaiting decision by the Court. While Defendants may seek to argue that there has been two years for Plaintiffs to conduct discovery, that is simply not true, as demonstrated both by the procedural history and Defendants' own request to stay any discovery pending resolution of the motion to dismiss. Accordingly, any position by Defendants that Plaintiffs bear the responsibility for incomplete discovery alone is completely disingenuous and should be rejected by the Court.

Procedurally, this is a simple matter, which can be anchored in the standard of review for a motion for summary judgment. The moving party has the initial burden of identifying the basis for summary judgment and the portions of the record that lack genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party satisfies that burden by showing "an absence of evidence to support the nonmoving party's" claim or defense. To survive summary judgment, the nonmoving party must identify facts in the record that create a genuine issue of material fact. There are no facts in the record for either party to rely upon to meet their burdens, simply because there is no record in this case yet.

Fed. R. Civ. P. 56 provides that:

(1) **Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).

Prior to the filing of Defendants' motion for summary judgment and the documents they filed in support of it but did not exchange with Plaintiffs, there existed no record materials in this case. There have been no previously available affidavits, declarations, interrogatories, admissions, depositions, or exchanged documents. Absent such discovery, it is completely inappropriate for Defendants to seek summary judgment.

The Supreme Court has clearly stated, "[i]n our view, the plain language of Rule 56(c) mandates the entry of summary judgment, **after adequate time for discovery** and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case…" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (emphasis added). Based on this clear directive, Plaintiffs respectfully request discovery in this action before the Court considers this motion for summary judgment. *See White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir.1994); *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996); *Schirmer v. Powell Cnty. Det. Ctr.*, 685 F. Supp. 3d 459, 464 (E.D. Ky. 2023). In support of this position, Counsel has submitted an affidavit pursuant to Fed. R. Civ. P. 56(d). (Exhibit 1 – Affidavit of Attorney).

### III. Should the Court decide to consider the Motion on its merits, Plaintiffs submit that Defendants are not entitled to summary judgment.

Without waiving their position above, and out of an abundance of caution, Plaintiffs also submit a merits response to the pending Motion for Summary Judgment. Defendants move for summary judgment on the claims of D.H. against Officer Stuckey and Metro for unlawful seizure and the resulting municipal liability for that seizure. Defendants contend that the seizure of D.H. was lawful due to the vehicle having expired tags, and as such, there can be no claim under Section 1983 and no related municipal liability.

#### A. Standard of Review

Fed. R. Civ. P. 56 governs motions for summary judgment. That Rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *see also Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of

6

Case 3:23-cv-00300    Document 67    Filed 07/03/25    Page 6 of 12 PageID #: 379

material fact a proper jury question. *Id*. The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 at 595 (6th Cir. 2003).

**B.  Analysis**

Defendants submit that summary judgment is appropriate because there is no issue of material fact as to the cause of the false arrest and unlawful seizure of D.H.. Specifically, Defendants contend that Plaintiff Naya Abbey was pulled over and arrested due to expired tags on her vehicle and that D.H., as a passenger of the vehicle, was properly held under the law. In so arguing, Defendants rely on: the Declaration of Officer Terrance Stuckey (Def. Ex. 1); a vehicle registration (Def. Ex. 2); an incident report (Def. Ex. 3); a vehicle stops data form (Def. Ex. 4); and an arrest report (Def. Ex. 5).

To succeed on a motion for summary judgment, Defendant bears the burden of proving that no genuine issue of material fact exists. Fed. R. Civ. P. 56. A defendant may do so by showing an absence of evidence to support the plaintiff's claim or by negating an essential element of that claim. *Celotex Corp.*, 477 U.S. at 322. In order to prove his claims for unlawful seizure and false arrest, a plaintiff must show that the officer lacked probable cause for the arrest or seizure. *Weser v. Goodson*, 965 F.3d 507, 513 (6th Cir. 2020) (citing *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005)).

As an initial matter and as argued above, the Court should consider that there was no existing record in this case before the filing of this Motion, that there is only a limited scope of material now available, and that the majority of the evidence that has not been produced is in the custody and control of the Defendants. In so considering, the Court

7

should find Defendants' argument that the record supports a finding of summary judgment is disingenuous and insufficient on its face. Plainly, we don't know what the record supports, because there is only a miniscule and narrowly tailored record now before the Court.

Nevertheless, Defendants argue that they are entitled to summary judgment on D.H.'s claims because Officer Stuckey had probable cause to stop the vehicle due to the expired registration. Defendants cited evidence in support of this position is insufficient to establish a basis for summary judgment is insufficient for two reasons: (1) it is directly contradicted by other evidence; and (2) the documents would not allow a neutral finder of fact to conclude it was more likely than not that the vehicle was stopped for the reasons alleged.

First, the evidence Defendants submits contradicts itself. Officer Stuckey declared under penalty of perjury that he viewed a vehicle "with expired plates near the intersection of 26th [sic] Avenue North and Clarksville Pike." (Def. Ex. 1 at ¶ 4). Officer Stuckey further declared that he made multiple attempts to stop the vehicle. (*Id.* ¶¶ 5, 10, 11, 12). In the Incident Report, the record reflects that the first encounter with the vehicle was at Dr. D.B. Todd, Jr. Blvd and Wheless (written Willis) Avenue. (Def. Ex. 3). This report notes an expired tag at 20:04:45, but notes **only one** attempt to stop the vehicle almost ten minutes after noting an expired tag at 20:13:07. This report does not reflect the multiple attempted stops declared by Officer Stuckey under oath.

Second, the declaration of Officer Stuckey is contradicted by the affidavit of the Plaintiff. (Pl. Ex. 2 – Affidavit of Naya Abbey) In support of this Response, Plaintiffs have submitted the affidavit of Plaintiff Naya Abbey. This affidavit contradicts the testimony of

8

Case 3:23-cv-00300    Document 67    Filed 07/03/25    Page 8 of 12 PageID #: 381

Officer Stuckey that there were multiple attempts to stop her vehicle. (Pl. Ex. 2 ¶ 9). Plaintiff's affidavit is consistent with the Incident report. Plaintiff's affidavit also states that Officer Stuckey told Plaintiff she was being arrested for evading arrest and reckless endangerment. (*Id*. ¶ 11). He did not tell her of any regulatory infraction or expired tags.

Finally, Officer Stuckey's testimony is contradicted by the dispatch recordings of the event. (Pl. Ex. 3 - Audio Recordings). Plaintiff sought and received dispatch recordings after her criminal case was dropped. These recordings are in several parts and none of them reflect Officer Stuckey reporting expired tags on the vehicle. Further, these recordings show that Officer Stuckey repeated reported that he was "not in pursuit" of Plaintiff's vehicle, that Plaintiff was "driving at normal speeds," and that she was "not fleeing." Notwithstanding his own statements at the time of the event, Officer Stuckey now declares under penalty of perjury that he held Plaintiff at gunpoint because he "believed the driver had committed a felony by evading a traffic stop" and believed the "situation might be dangerous." (Def. Ex. 1 ¶ 14). Notwithstanding a lack of reference to an expired tags in the dispatch recordings, Defendants now claim it was the sole and probable cause for the traffic stop. This position is plainly contradicted by the evidence. Accordingly, summary judgment is inappropriate because there is competing evidence creating a question of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

Defendants may attempt to rely on the vehicle registration (Def. Ex. 2) as independent proof that Plaintiff's tags were expired at the time of the arrest, but this argument is ineffective. First, this document is missing significant information which would allow a jury to draw a reasonable conclusion as to the status of Plaintiff's registration

9

on August 14, 2019. There is nothing in this document that indicates this is the vehicle of or operated by Naya Abbey on the night in question. Further, there is nothing to indicate whether this is the entire vehicle record or a partial record, and without that information, there is nothing from which a jury could conclude that this was the active registration on the night in question. This document provides no conclusive proof that the vehicle's registration was expired at the time of Plaintiff's arrest.

Because there is a dispute of material fact as to whether there is a constitutional violation, as demonstrated herein, Defendants' motion for summary judgment as to the municipal liability claim likewise fails. Defendants predicate their summary judgment argument on the lack of an underlying constitutional violation. A genuine issue of material fact exists as to the question of whether Officer Stuckey had probable cause to stop and seize Plaintiffs. If the factfinder determines that no probable cause existed, then Metro Nashville may still be liable under a theory of municipal liability. Accordingly, summary judgment on these grounds is inappropriate.

Defendants contend that summary judgment should nevertheless be granted because Officer Stuckey did not violate a clearly established right. This argument again relies on a threadbare recitation of the legal elements of qualified immunity without an assessment of that standard with the facts of this case. Courts have regularly opined that the question of qualified immunity is inherently entrenched in the specific facts of a case. *See Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) (collecting cases). Plaintiffs don't wish to berate the point here, but an evaluation of the facts of this case sufficient to meet the qualified immunity standard cannot happen when the facts of the case have not been developed through discovery. Defendants know that the qualified immunity question

is not appropriately brought in a motion to dismiss so they have filed a "motion for summary judgment" that relies on little to no evidence in an attempt to circumvent the limitations of a qualified immunity determination at this stage. Their attempt is both inappropriate and insufficient for the Court to determine qualified immunity. Absent evidence in the record for the Court to engage in the fact-specific inquiry necessary for a qualified immunity determination, summary judgment cannot be granted on these grounds.

Considering the foregoing, Defendants have failed to meet their initial burden of showing an absence of evidence to support the plaintiff's claim or by negating an essential element of that claim. *Celotex Corp.*, 477 U.S. at 322. Defendants have likewise failed to establish that qualified immunity is appropriate or necessary. Accordingly, Defendants are not entitled to summary judgment.

## IV. Conclusion

For the reasons stated herein, Plaintiffs respectfully submit that the Court should deny Defendants' Motion for Summary Judgment because it is inappropriate under Fed. R. Civ. P. 56 and supporting case law, and because they have failed to meet their burden under the existing standards.

Respectfully submitted,

    /s/ Jillianne Jerkins
Lucas E.W. Jerkins (#033863)
Jillianne R. Jerkins (#038988)
**JERKINS LAW, PLLC.**
2001 Campbell Station Pkwy, Ste. A3
Spring Hill, Tennessee, 37174
(615) 701-7177 – Telephone
(615) 434-5203 – Facsimile
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I do hereby certify that a true and exact copy of the foregoing has been sent by U.S. Mail, postage, prepaid by electronic mail and/or by service through the Court's efiling system to the following on this the **3rd** day of **July**, **2025**.

Melissa S. Roberge, Esq.
John W. Ayers, Esq.
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
Melissa.roberge@nashville.gov
Will.ayers@nashville.gov
*Attorneys for Defendants*

                                                /s/ Jillianne Jerkins
                                                Jillianne R. Jerkins